
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL E. BOYD, | No. 12-16589 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01644-LHK |
| v. | |
| ACCURAY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted February 2, 2015[**]
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and MURPHY, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Michael E. Boyd (Boyd) appeals the district court's grant of summary judgment in favor of defendant Accuray, Inc. in his action alleging violations of the False Claims Act (FCA), 31 U.S.C. § 3730(h), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Sarbanes-Oxley Act (SOX), 18 U.S.C. § 1514A. We affirm.

**1.** Boyd failed to raise a material issue of fact regarding the existence of an FCA violation. The Cyberknife project did not involve a contract with the United States government. Unsurprisingly, Boyd could not explain how any of the Cyberknife project events led to the submission of a false claim to the federal government, "the *sine qua non* of an FCA violation." *Cafasso*, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation, alteration, and footnote referenced omitted). The district court did not err in granting summary judgment in favor of Accuray on this claim.

**2.** On the Title VII claim, Boyd failed to raise a material issue of fact regarding discrimination or pretext. The record plainly establishes that Boyd's poor job performance was the impetus for his termination. Accuray began documenting Boyd's poor performance as early as 2005. Boyd's own evidence supported the notion that *as early as April, 2007*, Boyd's supervisor intended to

2

terminate Boyd. The district court did not err in granting summary judgment in favor of Accuray on Boyd's Title VII claim. *See Dawson v. Entek Int'l*, 630 F.3d 928, 934-35 (9th Cir. 2011).

**3.** Boyd failed to raise a material issue of fact regarding the existence of a SOX violation. Boyd produced no persuasive evidence that Accuray's "falsified inventory surplus" violated any securities law, that Boyd shared his concern with Accuray, or that anyone with supervisory authority over him knew or suspected that Boyd was engaged in SOX-protected activity. The district court did not err in granting summary judgment in favor of Accuray on this claim. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996 (9th Cir. 2009).

**4.** Because the district court properly granted summary judgment in favor of defendant Accuray, there will be no trial in this matter. *See, e.g., Glenn Johnson v. R. Todd Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008) (entry of summary judgment negates trial); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) ("The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court .

. . .") (citation omitted).  Consequently, we need not and do not address Boyd's

contention that he is entitled to a jury trial.

**AFFIRMED**.

4